FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION    04 OCT 25 PM 3: 11

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

| | |
|---|---|
| WILBUR MITCHELL,<br><br>**Plaintiff,**<br><br>v.<br><br>KASH N' KARRY FOOD STORES, INC.,<br>d/b/a KASH N' KARRY, a Delaware<br>Corporation,<br><br>**Defendant.** | Case No.: 2:03-CV-686-FtM-29DNF |

### PLAINTIFF WILBUR MITCHELL'S MOTION
### TO COMPEL PRODUCTION OF DOCUMENTS
### AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Wilbur Mitchell, by and through his undersigned counsel, and pursuant to Rule 37(a), Federal Rules of Civil Procedure, hereby moves the Court for an Order compelling production of documents responsive to Plaintiff's First Request To Produce To Defendant Kash n' Karry, specifically, Request Nos. 12 through 19. Plaintiff further requests that pursuant to Fed. R. Civ. P. 37(a)(4)(A), the Court order Defendant and/or its counsel to pay to Plaintiff, the reasonable expenses incurred in making this Motion, including attorney fees.

The grounds for the Motion are as follows:

1. On July 21, 2004, Plaintiff served Defendant, at Plaintiff's deposition, with Plaintiff's First Request to Produce, a copy of which is attached hereto as Exhibit "A".

2. As shown by Exhibit A, among the Requests propounded by Plaintiff, were the following, which are now the subject of this Motion to Compel:

Request No. 12

Produce the *entire* personnel file of District Manager Del Peeno, as it is kept and maintained in the ordinary course of business. This request excludes wage/hour or payroll records, medical records and benefit information.

Request No.13

Produce for inspection the personnel files of all store managers who have worked in District One (whether or not still employed) from January 1, 2000 to present. The purpose of this request is for comparator discovery pertaining to Plaintiff's discipline and discharge. Defendant may exclude all medical, wage and salary and benefit information.

Request No.14

Produce a copy of all Pricing Audit Reports for all stores in District One from January 1, 2000 to date.

Request No.15

Produce a copy of all performance appraisals for managers in District One from January 1, 2000 to present.

Request No.16

Produce a copy of all disciplinary documents (verbal or written counselings, warnings, reprimands, or memos) for all stores managers employed in District One from January 1, 2000 to present.

Request No.17

Produce all "Store Walk Memos" or "Walk Through Memos" for all stores in District One from January 1, 2000 to present.

Request No.18

Produce all profit/loss reports for all stores/store managers in District One from January 1, 2000 to present.

Request No.19

Produce all copies of documents pertaining to or documenting Wilbur Mitchell's meeting with Debra Petitti in Human Resources and Rey Montoto, including but

not limited to, Petitti's and Montoto's notes, internal memos, letter, emails or other documents.

3. Pursuant to Fed. R. Civ. P. 34(b), Defendant's Responses to said Requests were due within thirty (30) days of July 21, 2004 (no later than August 20, 2004). However, Defendant failed to serve its responses within the required time.

4. On September 1, 2004, co-counsel for Plaintiff, Jason L. Gunter, sent an e-mail to Defendant's counsel, a copy of which is attached hereto as Exhibit "B," inquiring as to the status of the discovery. Per Defendant's request, Defendant was granted an extension to provide its responses till September 9, 2004.

5. On September 10, 2004, Defendant served Plaintiff with Defendant's Objections and Responses to Plaintiff's First Request to Produce, a copy of which is attached hereto as Exhibit "C."

6. As shown by Exhibit C, Defendant submitted the following Responses to Request Nos. 12 through 19, inclusive:

> Defendant's Response to Request No.12
> Inspection will be permitted.
> Defendant's Response to Request No.13
> Inspection will be permitted to the extent this request seeks comparator discovery pertaining to Plaintiff's discipline and discharge. To the extent this request seeks medical, wage and salary and benefit information, other private personal information or other information from personnel files that is irrelevant to comparator discovery pertaining to Plaintiff's discipline and discharge, Defendant objects to this Request on the grounds that it is overbroad, burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and unreasonably invades the privacy rights of third parties.

<u>Defendant's Response to Request No.14</u>

To the extent these documents exist, inspection will be permitted.

<u>Defendant's Response to Request No.15</u>

Inspection will be permitted.

<u>Defendant's Response to Request No.16</u>

Inspection will be permitted.

<u>Defendant's Response to Request No.17</u>

To the extent these documents exist, inspection will be permitted.

<u>Defendant's Response to Request No.18</u>

Inspection will be permitted.

<u>Defendant's Response to Request No.19</u>

Inspection will be permitted.

7. Defendant lodged <u>no objections</u> to Requests Nos. 12 and Requests Nos. 14 through 19, inclusive, and responded that **"inspection will be permitted."** As to Request No. 13, Defendant responded, "Inspection will be permitted to the extent this request seeks comparator discovery pertaining to Plaintiff's discipline and discharge. To the extent this request seeks medical, wage and salary and benefit information, other private personal information or other information from personnel files that is irrelevant to comparator discovery pertaining to Plaintiff's discipline and discharge, Defendant objects to this Request on the grounds that it is overbroad, burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

and unreasonably invades the privacy rights of third parties."[1]

8. On September 15, 2004, Plaintiff's co-counsel, Jason L. Gunter, sent a second e-mail to Defendant's counsel, a copy of which is attached hereto as Exhibit "D," attempting to make arrangements to receive copies of documents responsive to Plaintiff's First Request to Produce, including Request Nos. 12 through 19, inclusive. Mr. Gunter proposed that said documents be copied and sent to the office of Dennis L. Webb, co-counsel for Plaintiff. With respect to Request No. 13, Mr. Gunter proposed that the subject documents (personnel files of store managers, other than Plaintiff, in District One), could either be inspected at a central location, or copied and sent to Mr. Webb's office.

9. On September 16, 2004, counsel for Defendant responded to Mr. Gunter's e-mail (Exhibit D), by letter, stating that various documents purportedly responsive to Plaintiff's First Request to Produce were attached, specifically documents responsive to Request Nos.1 through 9 inclusive. (A copy of the September 16, 2004 letter is attached

---

[1] Defendant s' objection to Request No 13 "to the extent this request seeks medical, wage and salary and benefit information…or other information from personnel files that is irrelevant to comparator discovery pertaining to Plaintiff's discipline and discharge…" is superfluous and moot, given that Plaintiff's Request No. 13 specifically states "[*t*]*he purpose of this request is for comparator discovery pertaining to Plaintiff's discipline and discharge. Defendant may exclude all medical, wage and salary and benefit information.*" Furthermore, broad-based, non-specific objections based on the alleged ground that a discovery request is "overbroad, burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and unreasonably invades the privacy rights of third parties," are legally insufficient objections, fall woefully short of the burden borne by a party objecting to a discovery request and are a nullity. *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550 (11th Cir. 1985); Mead *Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 515 (D. Minn 1992); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996).

hereto as Exhibit "E") However, still no documents responsive to Plaintiff's Request Nos.12 through 19 were attached, nor did Defendant's counsel state that same were available for inspection or when said documents would be available or forthcoming.

10.   With the date for taking depositions of two of Defendant's District One Store Managers less than one week away (October 4, 2004), the paralegal for Plaintiff's co-counsel, Dennis L. Webb, contacted counsel for Defendant on September 28, 2004, via e-mail, on behalf of counsel for Plaintiff, expressing concern that responses to Plaintiff's Request Nos. 13 through 19, had still not been produced.  The e-mail specifically stated that "[o]bviously we are concerned that we cannot properly depose those individuals scheduled for next week without those documents. (A copy of said September 28, 2004 e-mail is attached hereto as Exhibit "F") In addition to the two (2) above-mentioned store manager depositions that were scheduled for October 4, 2004, four (4) other depositions of upper management officials of Defendant, three of whom were critical decision-makers in this case (Del Peeno, Rey Montoto and Debra Pettiti), were scheduled for October 6, 2004.  Additionally, time was of the essence, given this Court's discovery deadline of October 25, 2004.

11.   On September 30, 2004, with just four (4) days remaining until commencement of the first round of the above-mentioned depositions, Defendant's counsel wrote to Plaintiff's co-counsel, Dennis L. Webb, stating that additional documents responsive to Plaintiff's First Request to Produce were attached. (A copy of said September 30, 2004 letter from Defendant's counsel, is attached hereto as Exhibit "G.") However, although documents purporting to be responsive to, *inter alia*, Request

No.12 and Request No.14 were attached, no documents responsive to Request Nos.13 and 15 through 19, were attached, sent, or otherwise made available. Notwithstanding that the Request for these documents had been served upon Defendant on July 21, 2004, and repeated attempts had been made by Plaintiff to acquire them, no documents responsive to Request Nos.13 and 15 through 19 had yet been produced. In Exhibit G, Defendant's counsel represented that they had been unable "to retrieve" the subject documents to date and that they were "working diligently to obtain all of the remaining responsive documents and will forward them to you as soon as we receive them."

12. On October 4, 2004, Plaintiff took the depositions of two District One store managers of Defendant, Colon and Lonneman. However, Defendant had still not provided critical documentation necessary to properly depose these witnesses, (documents responsive to Request Nos.13 and 15 through 19), nor did Defendant's counsel bring said documents to the depositions.

13. At the deposition of Norbert Colon on October 4, 2004, co-counsel for Plaintiff, Mr. Webb, attempted to confer, yet again, with Defendant's counsel in good faith, in order to resolve the discovery issues raised in the within Motion. (A true and correct copy of the pertinent excerpt from the Transcript of the Deposition of Norbert Colon, taken October 4, 2004, is attached hereto as Exhibit "H") Mr. Webb stated to Defendant's counsel, on the record, that he "would like to discuss for purposes of meeting and conferring on this situation regarding the Request to Produce that we sent to you guys back on July 21, 2004, Due August 20th, 2004. Many of the items that we have not received that you said were available and, again, we even had a conference

call…sometime last week, that we were going to get overnighted these materials." (See Exhibit H, p. 3) Mr. Webb went on to describe, with specificity, other relevant documents that had been requested, none of which had been produced:

Mr. Webb: We asked for performance appraisals, evaluations for store managers, District One, January 1st, 2000, to the present. We have none of those; asked for copies of all disciplinary documents for all store managers employed in District One from January 2000, to present. We got none of those. We asked for store walk memos for all District One Stores. We had nothing. Profit and loss reports, nothing. Documents pertaining to the Plaintiff's meeting with Deb Pettiti and [sic] Ray Montoto. We had nothing there. So, you know, we feel severely handicapped in taking these depositions. And again, I'm a little dismayed because I thought we were going to receive those things. And as far as the personnel file, just for clarification, this is the personnel file that was produced for [Plaintiff] Mr. Mitchell pursuant to Request to Produce. So we know that you do maintain them. And so, that we would just like to get that on the record. And, again, I think that severely handicaps us in taking these depositions this week.

Mr. Lechner: Duly Noted.
[Counsel for Defendant]

Mr. Webb: Are you – do you intend to produce anything else?

Mr. Lechner: Yes.

Mr. Webb: Okay. And when are we going to get those?

Mr. Lechner: They're working on getting the documents together. I sent you everything that we got from the clients.

Mr. Webb: And are we going to get those this week?

Mr. Lechner: No. I can't predict when that is. We're definitely going to try to get those as soon as we can.

(See Exhibit H, pp. 4-5)

14. It is clear from Exhibit H, that as of October 4, 2004, two and one half (2 ½) months after Plaintiff's First Request to Produce, and with the discovery deadline only three (3) weeks away, Defendant had still failed to produce documents critical to

Plaintiff's case and to the preparation of many imminent depositions. Moreover, it is also clear from the discussion between respective counsel at Mr. Colon's October 4, 2004 deposition, that Defendant and its counsel had no intention of producing the documents at any time during the week of October 4, 2004, with two depositions scheduled for that day, and four more scheduled for October 6, 2004. Defendant's counsel represented that *"they're* [presumably Defendant] working on getting those documents together," something that Defendant had apparently been "working on" (if at all) since July 21, 2004. However, Defendant's counsel failed and refused to state when said documents would be produced, stating that he could not "predict" when. (See Exhibit H., pp. 4-5)

15. As of the date this Motion is being filed and served, a total of six (6) depositions have been taken by Plaintiff, all of which were without benefit of documents to which Plaintiff was clearly entitled, none of which have, to this day, been produced. Defendant has never objected to Request Nos. 12 through 19 and represented in its Response to those Requests (Exhibit C hereto) that documents responsive to the Requests would be made available. Additionally, while Defendant has provided some documentation in response to Plaintiff's Request Nos. 12 and 14, said documentation was incomplete, as noted by Mr. Webb in his conference with Defendant's counsel at the Colon Deposition on October 4, 2004 (See Exhibit H, p. 3).[2]

---

[2] Although in Exhibit G (dated September 30, 2004) Defendant's counsel represented that documents responsive to Plaintiff's Request No.12 were "attached," said documents clearly comprised only small fraction of Del Peeno's 17-year personnel history, as noted by Mr. Webb at the Colon Deposition (See Exhibit H, p. 3). Federal Rule of Civil Procedure 37(a)(3) provides in relevant part that "an evasive or incomplete…response is to be treated as a failure to …respond."

16. Defendant's failure to produce documents responsive to Plaintiff's Request Nos. 12 through 19, is unreasonable and egregious, and has resulted in irreparable prejudice to Plaintiff.

17. Defendant not only willfully failed and refused to produce relevant and discoverable documents responsive to Request Nos. 12 through 19, and has continually failed and refused to produce said documents up to and including the present day, notwithstanding multiple attempts by Plaintiff's counsel to procure same and despite Plaintiff's counsel having repeatedly attempted to procure said documents.[3]

18. Today, October 25, 2004, on the discovery deadline, Defendant produced a few additional documents purportedly responsive to Plaintiff's First Request for Production. However, even with the additional documents produced on the day of the discovery deadline, Defendant's documents are glaringly incomplete and there are still many documents that have not been produced.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), Fed. R. Civ. P. 37(a)(2)(B) and the Order of this Court, undersigned counsel for Plaintiff hereby certifies that prior to filing the within Motion, counsel for Plaintiff have conferred with counsel for Defendant in a good faith effort to resolve the issues raised by this Motion, but counsel have been unable to agree on resolution of the Motion.

---

[3] On October 6, 2004, Dennis L. Webb, had another good faith discovery conference with counsel for Defendant to see if the documents could be obtained. However, counsel for Defendant now made it clear at this conference that the documents would now not be produced at all, even though no specific objections were ever asserted in writing or otherwise and they had agreed to produce the documents in their response.

WHEREFORE, for all the reasons stated above, and in Plaintiff's incorporated Memorandum of Law in support of the Motion, Plaintiff respectfully requests that this Honorable Court:

A) Enter an Order compelling production of all documents responsive to Request Nos. 12 through 19, set forth in Plaintiff's First Request to Produce, within ten (10) days of the Court's Order;

B) Order Defendant and/or its counsel to pay Plaintiff's expenses incurred in making the within Motion, including reasonable attorneys fees.

## MEMORANDUM OF LAW

### I. THE DOCUMENTS THAT ARE THE SUBJECT OF PLAINTIFF'S MOTION TO COMPEL ARE DISCOVERABLE

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The documents sought by Plaintiff in Request Nos. 12 through 19 of his First Request to Produce, contain matters that are relevant to Plaintiff's claims for retaliation under Title VII and the Florida Civil Rights Act (FCRA). These documents are reasonably calculated to lead to the discovery of admissible evidence as follows:

### A. Request No. 12

The documentation produced in response to Request 12 was clearly incomplete. Defendant has made no objection to Request 12 and represented that it would be

produced. Plaintiff has alleged that he was demoted from his store manager position at Store No. 1839, in Lehigh Acres, Florida. Plaintiff has alleged that he had a good faith and reasonable belief that said demotion, by his supervisor, District One Manager, Del Peeno, was racially motivated and further, that when Plaintiff complained to Defendant of same and was reinstated as store manager of Store No. 1891 located in North Fort Myers, Florida, Del Peeno "perpetrated a course of retaliatory conduct and adverse employment actions against Plaintiff while Plaintiff was manager of store 1891, which included, but was not limited to placing Plaintiff under intense scrutiny and generating a barrage of negative memoranda." (See Complaint, ¶ 15 through 20) When the conduct of a plaintiff employee's supervisor is at issue in a federal employment discrimination case, the supervisor's personnel file is discoverable. *Weiss v. Safeway, Inc.*, 189 F.R.D. 442 (D. Ore. 1999) (Motion to Compel production of supervisor's personnel file granted). Thus, it is proper for the Court to compel production of *all* documents responsive to Request 12.

B. **Request No. 13**

The personnel files of all store managers who have worked in District One from January 1, 2000 to present are relevant for purposes of comparator discovery pertaining to Plaintiff's discipline and discharge, as specifically stated by Plaintiff in the body of Request No. 13. This is a retaliation case and accordingly, the issue of whether the reasons given by Defendant for the termination were merely a pretext for retaliation, is a central issue. The comparable discipline of other store managers who had not engaged in protected activity is relevant. An examination of the personnel files of other store

managers in District one, where Plaintiff was working as a store manager at the time he was terminated, is reasonably calculated to lead to discovery of evidence showing Plaintiff was singled out or disciplined more severely for the same alleged infractions, or comparatively similar types of infractions than other managers who had not engaged in protected opposition. Such evidence would be relevant and admissible at trial regarding the issues of whether the alleged work deficiencies of Plaintiff and his alleged insubordination were a pretext for retaliation, whether the reasons given by Defendant for the discipline and termination are credible and whether it is more likely that retaliation was the reason for Plaintiff's termination than the reasons proffered by Defendant. These issues are pivotal in a claim for retaliation. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981); *Donnellon v. Fruehauf Corp.*, 794 F. 2d 598, 601 (11th Cir. 1986).

Moreover, it is well settled that personnel files of Defendant's employees are relevant and discoverable as evidence of pretext, and production of such files is routinely compelled in federal employment litigation. *Coughlin v. Lee*, 946 F. 2d 1152 (5th Cir. 1991); *Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553 (W.D. Tex. 1993); *Costa v. Remillard*, 160 F.R.D. 434 (D.R.I. 1995); *Miles v. Boeing Co.*, 154 F.R.D. 117 (E.D. Pa. 1994); *White v. Money Store*, 74 F.E.P. 597, 1997 WL 126847 (N.D. Ill. 1997); *Zatarain v. WDSV-Television, Inc.*, 1995 WL 107090 (E.D. La. 1995).

As shown by Exhibit C to the within Motion, Plaintiff lodged no objection to Plaintiff's Request 13 for the personnel files of Defendant's District One store managers since January 1, 2000 and represented that said documents would be produced. Said files

are clearly within the purview of discovery under pertinent case law. Therefore, it is appropriate that their production be compelled.

### C. Request Nos. 14 through 18

These Requests all seek documents bearing upon the work performance and/or disciplinary records of store managers in District One within a reasonable time frame (January 1, 2000 to present). As is the case with the documents sought by Request No. 13, Request Nos. 14 through 18 are all reasonably calculated to lead to discovery of admissible evidence relevant to comparators and to the issues of pretext, credibility of the reasons proffered by Defendant for disciplining and ultimately, terminating Plaintiff and further, because Plaintiff may have been disciplined more harshly for conduct or alleged deficiencies comparable to store managers similarly situated, the issue of whether retaliation for engaging in protected opposition was more likely to have been the reason for Plaintiff's discipline/termination.

To prove pretext and prevail on the ultimate issue of unlawful retaliation, Plaintiff need only prove that retaliation was more likely than not a substantial motivating factor behind the employer's actions. *Reich v. Davis*, 50 F. 3d 962, 965-66 (11th Cir. 1995) Plaintiff was terminated because he allegedly performed poorly as a store manager and because he was allegedly insubordinate. Plaintiff is entitled to discover documents revealing the work performance and discipline meted out, if any, to other District One store managers, for purpose of comparison to Plaintiff's work performance and comparison to the disciplinary actions taken against Plaintiff, including whether others were disciplined for similar work deficiencies and to what extent, and/or terminated for

alleged insubordination. Such comparative information is highly relevant and is discoverable. *Pank v. Oregon State Bd. of Higher Education*, 99 F.R.D. 501, 505 (D. Ore. 1982); *Stevenson v. Community Federal Savings & Loan Assoc.*, 77 F.R.D. 688 (N.D. Miss. 1977). Again, Defendant did not object to Plaintiff's Request Nos. 14 through 18 and responded that the documents would be produced.

For all the reasons stated, an Order compelling production of documents completely responsive to Request Nos. 14 through 18, would be proper and just.

D. **Request No. 19**

Request No. 19 seeks production of all copies of documents pertaining to or documenting Wilbur Mitchell's meeting with Debra Petitti, (Defendant's Director of Human Resources) and Rey Montoto, (Defendant's Southern Regional Director), including but not limited to, Petitti's and Montoto's notes, internal memos, letter, emails or other documents. Plaintiff has alleged that on or about September 17, 2002, he was demoted from his position of store manager of store 1839, in Lehigh Acres, Florida, by Defendant's District Manager, Del Peeno. Plaintiff has alleged that, shortly thereafter, Plaintiff met with Pettiti and Montoto and complained his demotion by Del Peeno was racially motivated. (See Complaint, ¶14) Plaintiff has alleged that in making said complaint to Pettiti and Montoto, Plaintiff engaged in opposition protected under Title VII and the FCRA, that he had a good faith reasonable belief that, in demoting Plaintiff, Del Peeno and Kash N' Karry had engaged in race discrimination. Plaintiff has further alleged that, within one week of making said complaint, Plaintiff was reinstated to the position of store manager, but was then transferred to store 1891 in North Ft. Myers, still

under the supervision of District Manager, Del Peeno, who then perpetrated a barrage of retaliatory conduct against him. *Id.*

Clearly, documentation relating to Plaintiff's meeting with Pettiti and Montoto is relevant to Plaintiff's assertion that he engaged in protected opposition (*i.e.*, complained of race discrimination) and that he had a good faith and reasonable belief that his demotion constituted unlawful race discrimination, two essential elements of Plaintiff's retaliation claim. *Meeks v. Computer Assoc., Int'l.*, 15 F. 3d 1013, 1021 (11th Cir. 1994). Said documentation is reasonably calculated to lead to admissible evidence supporting Plaintiff's position that the barrage of disciplinary actions taken against Plaintiff by Del Peeno, enroute to Plaintiff's ultimate termination, as well as the termination itself, were in retaliation for engaging in protected opposition. Thus Request No. 1-19 seeks discoverable matters and complete production of all items responsive thereto should be compelled.

## II. PLAINTIFF HAS SATISFIED ALL REQUIREMENTS FOR AN ORDER COMPELLING DEFENDANT TO PRODUCE THE DOCUMENTS

If a party fails to permit inspection of a document, as requested, the discovering party may move for an order compelling inspection in accordance with the request. Fed. R. Civ. P. 37(a)(2)(B). As more particularly set forth in the within Motion, Defendant has failed to make available to Plaintiff's counsel, documents responsive to Plaintiff's Request Nos. 12 through 19.[4] Notwithstanding its representation that inspection would be permitted, Defendant has failed and refused to make the requested documents

---

[4] Again, Defendant has produced only a miniscule amount of information in response to Plaintiff's Request Nos. 12 and 14; evasive or incomplete responses are treated as a failure to respond. Fed. R. Civ. P. 37(a)(3).

available for inspection or otherwise to produce them. It has now been two and one-half (2 ½) months since the requests were propounded on July 21, 2004, all depositions have been taken by Plaintiff, multiple good faith attempts to obtain said documents and to resolve the issues raised by this Motion have been made and the discovery deadline is October 25, 2004 with there still being no commitment whatsoever by Defendant or its counsel as to when said documents will be produced. Plaintiff has been severely prejudiced as a result and significantly hindered, not only in his preparation for depositions, but also for trial. Plaintiff has established the legal ground and satisfied the requirements for obtaining an Order compelling production. Therefore, it is appropriate for the Court to grant the within Motion and to enter an Order compelling full and complete production of all documents responsive to Plaintiff's Request Nos. 13 through 19, inclusive.

### III. PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE EXPENSES INCURRED IN MAKING THIS MOTION, INCLUDING ATTORNEY'S FEES.

Rule 37(4)(A) of the Federal Rules of Civil Procedure provides that:

> [i]f the motion is granted…or requested discovery is provided after the motion was filed, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…

Therefore, assuming the Court grants the within Motion, Plaintiff is entitled to recover from Defendant and/or its counsel, the expenses incurred in preparing said Motion and supporting Memorandum, including attorney's fees.

## **CONCLUSION**

Defendant has willfully failed, with no excuse whatsoever, to produce documents responsive to Request Nos. 12 through 19 set forth in Plaintiff's First Request to Produce. Said documents are clearly discoverable, as they are relevant, not privileged and reasonably calculated to lead to discovery of admissible evidence. Defendant did not object to any of these Requests in its untimely response to Plaintiff's First Request to Produce. To the contrary, Defendant represented that inspection would be permitted. However, to this day, despite repeated good faith attempts by Plaintiff's counsel to resolve the matter, and with the expiration of this Court's discovery deadline imminent, Defendant has failed and refused to produce said documents, without any justification or reasonable explanation.

Plaintiff has already been irreparably prejudiced in having to proceed with all depositions without the benefit of vital requested documents and Plaintiff's ability to meaningfully prepare for trial is being further compromised with each passing day. It is difficult to imagine a more appropriate situation justifying entry of an Order compelling production of documents and payment to the movant of the reasonable fees incurred in making the Motion.

For all the reasons stated in Plaintiff's Motion to Compel and Supporting Memorandum of Law, Plaintiff respectfully requests that this Honorable Court enter an Order compelling production of all documents responsive to Plaintiff's First Request to Produce, Request Nos.12 through 19, inclusive, and providing for the payment to Plaintiff of all costs incurred in making this Motion, including reasonable attorney's fees.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by U.S. Mail upon Attorneys Peter W. Zinober and Jay P. Lechner of Zinober & McCrea, P.A., 201 East Kennedy Blvd., Suite 800, Tampa, Florida 33602 on this 25th day of October, 2004.

By: _____
**DENNIS L. WEBB, ESQUIRE**
Florida Bar No. 165956
Attorney for Plaintiff
Webb & Scarmozzino, P.A.
1617 Hendry Street, Third Floor
Ft. Myers, FL  33901
Phone: 239.334.1600
Fax:    239.334.7979
wesca@earthlink.net

AND

**JASON L. GUNTER, ESQUIRE**
Florida Bar No. 0134694
Attorney for Plaintiff
The Law Office of Jason L. Gunter
1625 Hendry Street, Suite 103
Ft. Myers, FL  33901
Phone: 239.334.7017
Fax:    239.334.7622
gunterlaw@earthlink.net